## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FRANCIS RUDI AND MARGARET RUDI<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY CO.<br><br>Defendant. | 2:11-cv-04362-WY |

## MEMORANDUM

YOHN, J.                                                                                        January ___, 2014

### I.      Background

On July 7, 2011, Francis and Margaret Rudi filed suit against State Farm Fire & Casualty

Co. ("State Farm") related to State Farm's payment of insurance claims under federally

underwritten, standard flood insurance policy ("SFIP") administered by State Farm pursuant to

the National Flood Insurance Program ("policy"). The suit claimed breach of contract as well as

bad faith in violation of 42 Pa. C.S.A. § 8371. On October 1, 2013, State Farm moved for

summary judgment contending (1) it paid all amounts validly claimed by the Rudis under the

policy, which required all claimed amounts to made via sworn proofs of loss within a 60-day

period  of the date of loss, and (2) federal preemption of the bad faith claim.[1] I agreed, and, on

November 27, 2013, I entered judgment in the case in favor of State Farm.

---

[1] On January 11, 2012, I ordered the action placed in civil suspense at the request of the parties pending settlement negotiations. On April 2, 2013, I ordered the action transferred from civil suspense to the current docket.

The Rudis now file a motion for reconsideration asking that I vacate my order of November 27, 2013. They supply two reasons. First, that I "failed to give plaintiffs the benefit of the doubt with respect to their technical adherence to the requirements of the policy with regard to the 60-day period of time in which to submit a Proof of Loss." Second, that because the Rudis submitted proofs of loss for parts of their claim within the 60-day period and because their representative was in contact with State Farm during the time period in which proofs of loss must be claimed, "plaintiffs did, in fact, technically comply with the 60-day requirement contained in the policy of insurance with regard to the submission of a Proof of Loss."

## II.     Discussion

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation omitted). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

Here, the Rudis' motion does not refer to any change in controlling law nor does it refer to any newly available evidence. As to the Rudis' suggestion that I should not have enforced the proof of loss requirements contained in the policy, the Third Circuit held in *Suopys v. Omaha Property & Cas.* that, because any claims paid by a WYO company are a direct charge to the United States Treasury, "strict adherence to SFIP proof of loss provisions, including the 60-day period for providing proof of loss, is a prerequisite to recovery under the SFIP." 404 F.3d 805, 810 (3d Cir. 2005). *Suopys* also governs the Rudis' contention that their representative's

2

informal contacts with State Farm permitted them to claim amounts other than via sworn proofs of loss submitted within 60 days of the event. *See id.* at 811-12. Here, *Suopys* held that SFIP proof of loss provisions will not be waived by the submission of an adjuster's report of the loss unless the adjuster's report is signed and there is a written waiver from the Federal Emergency Management Agency.  *See id*. The Rudis have made no such showing.

The Rudis neither "correct manifest errors of law or fact [nor] present newly discovered evidence" in their motion for reconsideration. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc.*, 176 F.3d at 677. Accordingly, the motion will be denied.

An appropriate order follows.